UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAD HAYWARD,

    Plaintiff,                                       Case No. 13-CV-10445

vs.                                              HON. MARK A. GOLDSMITH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**
**(1) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. 12) DATED JANUARY 24, 2014, (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 8), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 11), (4) AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY, and (5) DISMISSING THE CASE WITH PREJUDICE**

       This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Charles E. Binder, issued on January 24, 2014. (Dkt. 12.) In the R&R, the Magistrate Judge recommends that Plaintiff's motion for summary judgment (Dkt. 8) be denied, Defendant's motion for summary judgment (Dkt. 11) be granted, and the findings of the Commissioner of Social Security be affirmed.

       The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-4 (6th Cir. 1987) (failure

to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). There is some authority that a district court is required to review the R&R for clear error, see Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and adopts the recommendation.

Accordingly, the Court denies Plaintiff's motion for summary judgment (Dkt. 8), grants Defendant's motion for summary judgment (Dkt. 11), affirms the decision of the Commissioner of Social Security, and dismisses the case with prejudice.

SO ORDERED.

Dated: February 19, 2014        s/Mark A. Goldsmith
 Flint, Michigan                MARK A. GOLDSMITH
                                United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 19, 2014.

                                s/Deborah J. Goltz
                                DEBORAH J. GOLTZ
                                Case Manager